## Re Carbondale & Providence Turnpike & Plank Road.

The turnpike act of June 25, 1885, has been superseded by the act of June 2, 1887.

It seems that the act of June 25, 1885, is unconstitutional.

(Argued February 23, 1888. Decided April 30, 1888.)

January Term, 1888, No. 24, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Certiorari to the Quarter Sessions of Lackawanna County to review a decree dismissing proceedings on a petition to make a turnpike and plank road a public road, free from tolls and toll gates. Affirmed.

October 19, 1885, a petition signed by a large number of resident taxpayers of Lackawanna county was presented to the court of quarter sessions, setting forth that the Carbondale & Providence Turnpike & Plank Road had been constructed under a special act of assembly; that the road lay wholly within the county; and that it would be for the best interests of the people of the county for the road to be free from tolls and toll gates.

The petition prayed for the appointment of viewers to view and condemn the road and assess damages in accordance with the act of June 25, 1885. The turnpike company filed an answer to the petition and moved to quash the proceedings, on the ground that the act of June 25, 1885, was unconstitutional in that it did not provide for an appeal.

NOTE.—The court of quarter sessions has jurisdiction in condemnation proceedings under the act of June 2, 1887, to appoint viewers, even though the charter of the corporation owning the road provided a different proceeding for its condemnation. Middletown & H. Turnp. Road, 6 Dauphin Co. Rep. 124, 28 Pa. Co. Ct. 449.

The court decided that the act of June 13, 1874, gave the right of appeal. All other questions regarding the constitutionality of the act of 1885 were reserved for the final hearing. Viewers were duly appointed and assessed the damages at the sum of $9,000. ·

The petitioners, the company, and the county commissioners appealed.

The company's exceptions were argued and the court, HAND, P. J., dismissed the proceedings, filing the following opinion:

This case arises under act of assembly, June 25, 1885 (P. L. 170). When this case was before us for the appointment of viewers, one question was raised in regard to the constitutionality—in that no appeal was provided. We then decided that the act of June 13, 1874, gave the right of appeal. All other questions in regard to the constitutionality of the act of 1885 we reserved for final hearing. The constitutionality of the law is again questioned by exceptions and we pass upon this question solely at the present time. In case our views are not sustained by the higher court we can then dispose of the other exceptions. Since this case was before us on the appointment of viewers, the constitutionality of the act of 1885 has been passed upon adversely to the act by the learned judge of the 22nd district. Upon examination of his opinion we are in accord with his views and on this point we can do no better than to briefly reiterate them. The act infringes article 3, § 3, of the Constitution which is that "no bill, except general appropriation bills, shall be passed, containing more than one subject, which shall be clearly expressed in its title." The title of the act in question is "An Act Authorizing the Acquisition of Turnpikes, Roads, or Highways, Heretofore or Hereafter Constructed, Near or Through any Borough or Township in this Commonwealth, upon Which Tolls are Charged the Traveling Public."

The title of the act confines it to turnpikes, etc., near or through any borough or township, and of course excludes turnpikes near or through cities. The body of the act includes such turnpikes as are near or through cities. Thus the title is deceptive. The body of the act confines it to turnpikes wholly within single counties, of which no mention is made in the act. There is also grave doubt whether this is not an act regulating the affairs of counties, and is special because confined to counties having turnpikes wholly within their limits. These counties

without being made a party to the bill are required to make payment of all damages assessed. See Const. art. 3, § 7.

As Judge SEELY says: "All turnpikes are constructed 'near or through boroughs or townships,' except such as are, and so far as they are, in cities." Hence, the purpose of the title must have been to exclude the latter class of turnpikes.

He further says, after citing authorities: "The title to this act, 1885, is more clearly in conflict with constitutional requirements than those considered in any of the Pennsylvania cases. It does not clearly express the subject of the bill; it is misleading; it is untrue."

See his opinion in full in the Little Equinunk & U. W. Turnp. Co. 2 Pa. Co. Ct. 632.

Nothing is said in the title by which the counties of this commonwealth would understand that they may be called upon to pay large and extraordinary sums of money in addition to their ordinary expenses. Believing that the reasons stated condemn the act as violative of the Constitution, we are obliged to sustain the objection and therefore dismiss the proceedings.

The petitioners appealed, assigning as error the action of the court in dismissing the proceedings and declaring the act of 1885 unconstitutional.

*John R. Jones,* for plaintiffs in error.—The act of 1885 contains but one subject, and the subject is clearly expressed in its title.

Nor is the act local or special legislation. Wheeler v. Philadelphia, 77 Pa. 351; Kilgore v. Magee, 85 Pa. 401; Pittsburgh v. Roup, 1 W. N. C. 254.

This act is not in contravention of that part of article 3, § 7, Const. which is: "That the general assembly shall not pass any local or special law regulating the affairs of counties," because counties have nothing whatever to do with roads, turnpikes, or highways; their regulation and maintenance is beyond the pale of their authority.

If these proceedings are finally affirmed, the municipalities through which the turnpike extends would be chargeable for its maintenance, and not for the county. This was regulated by laws existing prior to the passage of the act under consideration.

That it was not necessary to have such a provision in the act, see Pittsburgh, M. & Y. R. Co. v. Com. 104 Pa. 583.

This act is not repealed, either expressly or by implication, by the act of assembly approved June 2, 1887 (P. L. 306), for it is not inconsistent therewith.

*Edward B. Sturges,* for defendant in error.—The act of 1885 is unconstitutional and is repealed by the act of June 2, 1887.

A subsequent affirmative statute is a repeal, by implication, of a former one made concerning the same matter, if it introduce a new rule upon the subject, and be evidently intended as a substitute for the former law, although it contains no express words repealing it. Johnston's Estate, 33 Pa. 511; Ledlie v. Monongahela Nav. Co. 6 Pa. 392; *Re* Somerset & S. Road, 74 Pa. 61.

Acts which grant a right conditioned on different things are clearly inconsistent. It is this inconsistency which operates as a repeal. Gwinner v. Lehigh & D. Gap R. Co. 55 Pa. 126.

PER CURIAM:

The constitutionality of the act of June 25, 1885, is more than doubtful; but if it were otherwise, it has been superseded by the act of June 2, 1887. It follows that we can do nothing but affirm the proceedings in the court below.

The order of the quarter sessions is affirmed.